IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD SHANKEY, #06303-090 | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:20-cv-03195-G (BT) |
| K. ZOOK, | § § § | |
| Respondent. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Ronald Shankey, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he argues that the Bureau of Prisons (BOP) improperly computed his federal sentence by failing to give him credit for nine months he served in federal custody after the Court revoked his supervised release.[1] As explained below, the Court should deny Shankey's petition because the BOP correctly computed his sentence.

### **Background**

Shankey was convicted in 2007 in the Western District of Wisconsin for possession of child pornography. *See* App. ¶ 4 (ECF No. 7). The court

---

[1] Shankey is currently incarcerated at FCI Oxford in Oxford, Wisconsin. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Sept. 9, 2022). At the time he filed his petition, he was an inmate at FCI Seagoville, where he had been incarcerated since August 24, 2017. App. ¶ 3 (ECF No. 7).

1

sentenced him to 108 months' imprisonment and a life term of supervised release. *Id.* (citing app. attach. 1, the May 15, 2007 Judgment and Commitment Order in Case No. 06-CR-177-S-01 (W.D. Wis.)). The BOP released Shankey early, on December 31, 2013, based on his successful completion of a residential drug program. *Id.* ¶ 5 (citing app. attach. 2, the Sentry Public Information Inmate Data).

Thereafter, the Wisconsin court transferred Shankey's supervision jurisdiction to the District of Minnesota, where Shankey lived following his release. *Id.* ¶ 6 (citing app. attach. 3, the U.S. Probation and Pretrial Services Supervised Release Violation Report). On March 12, 2014, Shankey was arrested for possession of child pornography. *Id.* ¶ 8 (citing app. attach. 4, the USMS 129 and October 7, 2015 Individual Custody/Detention Report). He was released on bond on March 18, 2014. *Id.* ¶ 9.

Shankey's 2014 arrest led to the revocation of his federal supervised release and the imposition of a 9-month term of imprisonment. *Id.* ¶ 10 (citing app. attach. 6, the April 10, 2014 Judgment in Case No. 14-CR-58(ADM) (D. Minn.)). It also led to new charges being filed against him for possession of child pornography. *See id.* ¶ 9 (citing app. attach. 5, Information filed on May 19, 2014 in Case No. 14-CR-00157).

Shankey's 9-month sentence on his supervised release revocation commenced on April 10, 2014—the date the sentence was imposed—and he received prior custody credit for March 12, 2014 through March 18, 2014. *Id.*

2

¶ 11. Shankey completed his term of imprisonment on January 2, 2015, but he remained in federal custody pending sentencing on the new charges resulting from his 2014 arrest. *Id.* ¶¶ 12, 17.

On May 5, 2015, the Minnesota court sentenced Shankey to 168 months' imprisonment—the sentence Shankey is currently serving. *Id.* ¶¶ 12-13. His current projected release date is January 4, 2027. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Sept. 9, 2022). This projected release date is based on the BOP's calculations which include prior custody credit from January 3, 2015—the day after his term of imprisonment on the supervised release revocation ended—through May 4, 2015. *Id.* ¶ 13.

## Legal Standards and Analysis

Shankey argues the BOP improperly computed his federal sentence by failing to give him credit for the nine months he served in federal custody after the Court revoked his supervised release because the May 5, 2015 judgment entered by the District of Minnesota stated, "[t]his term is to run concurrent to his supervised release revocation sentence . . . ." App. 40 (ECF No. 7).

Only the Attorney General, through the BOP, may compute a prisoner's federal sentence. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *see also United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("[C]redit awards are to be made by the Attorney General, through the

3

[BOP], after sentencing."). "The BOP—as opposed to the federal courts—is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last." *United States v. Cibrian*, 374 F. App'x 524, 529-30 (5th Cir. 2010) (per curiam) (emphases omitted) (citing 18 U.S.C. § 3621). The BOP calculates a prisoner's sentence and determines what credit, if any, will be awarded for time spent in custody prior to the start of the federal sentence. *See Wilson*, 503 U.S. at 334, 337. A defendant is given credit for any time he spent in official detention prior to the commencement of his sentence. 18 U.S.C. § 3585(b).

When the BOP calculates a sentence, it first determines the date the sentence commenced and then it determines whether the inmate is entitled to any credit for time spent in detention prior to the commencement of his sentence. 18 U.S.C. § 3585; *see also Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (per curiam). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant receives credit for any time he spent in official detention prior to the commencement of his sentence. *Id.* § 3585(b).

With the enactment of § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337. That is, § 3585(b) prohibits the BOP from giving a federal

4

prisoner credit toward his federal sentence for time already credited toward another sentence. *Richard v. Maye*, 2011 WL 6012553, at *2 (W.D. Tex. Dec. 1, 2011).

Shankey completed his supervised release revocation sentence on January 2, 2015. App. ¶¶ 17, 18 (ECF No. 7). While he remained in federal custody after January 2, 2015, Shankey was not serving any sentence on May 5, 2015, when the Minnesota court entered judgment on the new charges resulting from his 2014 arrest. *Id.* ¶ 17. And despite the court's statement regarding concurrent sentences, because Shankey's 9-month supervised release revocation sentence had concluded when the court imposed the new 168-month term of imprisonment, the terms could not run concurrently.

Shankey's current term of imprisonment commenced on May 5, 2015, and the BOP applied the appropriate credit for his time in custody prior to that date. *Id.* ¶ 13; s*ee also* 18 U.S.C. § 3585. Specifically, Shankey received credit for prior custody from January 3, 2015—the day after his supervised release revocation sentence ended—through May 4, 2015. App. ¶ 13 (ECF No. 7).

The BOP gave Shankey all the credit he was entitled to receive. Therefore, the BOP's sentence computation for Shankey is correct and consistent with both federal law and BOP policy. The Court should deny Shankey's petition because he is not entitled to the relief he seeks.

## Recommendation

The Court should deny Shankey's § 2241 petition.

Signed September 8, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

6